[No. 17321.   Department Two.   January 25, 1923.]

J. C. LOCKETT, *doing business as* TOPPENISH IRON
WORKS, *Respondent,* v. WILLIAM HANSON
*et al., Appellants.*[1]

APPEAL (272)—RECORD—AFFIDAVITS. Affidavits in support of a
motion for a new trial cannot be considered on appeal unless brought
up by bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered June 27, 1921,
upon findings in favor of the plaintiff, in an action
on contract, tried to the court. Affirmed.

*McAulay & Meigs,* for appellants.

*F. E. Gordon,* for respondent.

MAIN, C. J.—By this action the plaintiff sought to
recover the balance due upon the rental for a certain
electric motor and the purchase price thereof. The
cause was tried to the court without a jury, and re-
sulted in findings of fact, conclusions of law and judg-
ment sustaining the right of recovery in the sum of
$415. From this judgment, the defendants appeal.

The facts, as found by the trial court, are as follows:
On the 14th day of October, 1920, the appellants leased
from the respondent a twenty horse power electric
motor at the agreed price of $5 per day. On or about
the second day of December, 1920, the appellants pur-
chased the motor for $350, and at the time of the pur-
chase the rental due was compromised at $115, making
a total for the motor and the rental of $465. A few
days thereafter, the appellants paid on account the sum
of $50, leaving a balance due of $415, the sum for which
judgment was entered.

[1]Reported in 212 Pac. 248.

The principal question of this case is one of fact. The evidence offered by the appellants tends to support their claim that, when the purchase was made, it was agreed between the parties that the respondent should waive and relinquish any claim for the rental of the motor. They admit that the purchase price of the motor was $350, and that $50 had been paid, leaving a balance due, as they contend, of $300. The respondent claims that, when the motor was sold, the purchase price thereof was $350, and the amount due for rent was compromised and agreed to be the sum of $115, making a total of $465, of which $50 had been paid. Upon the conflicting evidence the trial court, as above indicated, found the facts to be as claimed by the respondent. An attentive consideration of all the evidence leads us to the conclusion that the trial court's finding is clearly sustained by the preponderance thereof.

Error is also assigned upon the refusal of the trial court to grant a motion for new trial. The motion was supported and resisted by affidavits. These have not been brought to this court by bill of exceptions or statement of facts certified by the trial judge, but are found in the clerk's transcript. It has been many times said by this court that affidavits used upon a hearing in the trial court cannot be made a part of the record upon appeal by embodying them in the transcript prepared by the clerk, but that they must be brought here either in a bill of exceptions or a statement of facts. Assuming, however, that the affidavits are properly before us, it may be said the trial court rightly denied the motion for new trial.

The judgment will be affirmed.

PARKER, FULLERTON, and TOLMAN, JJ., concur.